UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN VIRGIL,

    Petitioner,

    v.

SHERRY BURT, WARDEN,

    Respondent.
    _____/

CASE NO. 05-CV-72480-DT
JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE PAUL KOMIVES

# **REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's motion to stay proceedings (docket #22).

II.    REPORT:

A.    *Procedural Background*

Petitioner Darrin Virgil, a state prisoner, filed an application for the writ of habeas corpus on June 22, 2005, challenging his 2002 convictions for unarmed robbery and assault with intent to do great bodily harm. In his habeas application, petitioner raised ineffective assistance of counsel, evidentiary, and sentencing claims. On March 30, 2006, I filed a Report recommending that petitioner's application be denied on the merits. On April 27, the Court entered an Order adopting my Report & Recommendation. On the same date the Court entered judgment denying the petition and dismissing the case.

On November 7, 2007, over six months after the Court's judgment, petitioner filed this motion to stay proceedings. In his motion, petitioner argues that he has recently discovered new,

1

unexhausted grounds for habeas relief. He seeks a stay of the proceedings so that he can exhaust these claims in the Michigan courts and then present them in this Court. On May 11, 2007, the Court referred the matter to me for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Because it is questionable whether I have jurisdiction to decide this post-judgment matter, *see* 28 U.S.C. § 636(b)(1)(A) (granting magistrate judge authority to hear and determine nondispositive *pre-trial* matters); *Reynaga v. Cammisa*, 971 F.2d 414, 416-17 (9th Cir. 1992) (holding that, in at least some circumstances, a stay is the functional equivalent of a dispositive motion), I respectfully submit this Report & Recommendation in lieu of determining the matter. For the reasons that follow, the Court should deny petitioner's motion to stay.

B.  *Analysis*

Petitioner requests a stay so that he may exhaust in the state courts claims which he did not previously raise in either the state courts or in his habeas application. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, in light of the one year limitations period governing habeas petitions and the prohibition on second or successive petitions, a district court faced with a mixed petition raising both exhausted and unexhausted claims has the power to stay the case to permit exhaustion of the unexhausted claims, rather than dismissing the case without prejudice. *See id*. at 276. The Court cautioned that to avoid undermining the purposes of the AEDPA, "stay and abeyance should be available only in limited circumstances," *id*. at 277, specifically where the petitioner had "good cause for [his] failure to exhaust his claims first in state court," and where the "unexhausted claims are [not] plainly meritless." *Id*.

Here, unlike in *Rhines*, petitioner did not file a mixed petition raising both exhausted and unexhausted claims. Rather, he filed a petition containing only exhausted claims, but now seeks an

2

opportunity to pursue different, unexhausted claims in state court and, eventually, in this habeas action. Even if *Rhines* would permit a stay in these circumstances in the general case, such a stay is not available to petitioner here because he will not be able to amend his habeas application to include any new claims. Petitioner's motion for stay was filed well after the court had entered judgment on his habeas application. "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002). This rule is universal, *see Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (citing cases), and applies in habeas proceedings, *see Pitts v. Champion*, 16 Fed. Appx. 975, 977 (10th Cir. 2001); *James v. Johnson*, No. 1:92-cv-372, 2006 WL 2331169, at *1 (W.D. Mich. Aug. 10, 2006).

Here, petitioner cannot avail himself of either Rule 59 or Rule 60 to set aside the judgment entered by the Court. Under Rule 59, a "motion for a new trial shall by filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(b). This period has long since passed. And any attempt to raise new habeas claims in a motion for relief from judgment under Rule 60(b) is the functional equivalent of a second petition which is barred by 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (citation omitted) (discussing situations in which a Rule 60(b) motion constitutes a second petition, including situations where a petitioner "assert[s] that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constutional error, and seek[s] leave to present that claim."). Because petitioner cannot undo the judgment through Rule 59 or 60, he will not be able to seek leave to amend to add any claims which he would be pursuing in state courts. And, because he could not be able to amend his petition to add these

claims, no purpose would be served by staying this case while he asserts those claims in the state courts.

C. *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion to stay proceedings.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES

Dated: 5/24/07                                  UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 24, 2007.
>
>                         s/Eddrey Butts
>                         Case Manager